| | |
|---|---|
| District Court, City and County of Broomfield, State of Colorado<br><br>Court Address: 17 Des Combes Drive<br>            Broomfield, CO 80020<br><br>Phone Number (720) 887-2100 | EFILED Document – District Court 2011CV82<br>CO Broomfield County District Court 17th JD<br>Filing Date: Jun 21 2011 10:59AM MDT<br>Filing ID: 38257933<br>Review Clerk: N/A |
| **RUDY MARICH and BETTY MARICH,**<br>    Plaintiffs,<br><br>v.<br><br>**OMNI INTERLOCKEN COMPANY, LLC and OMNI HOTELS MANAGEMENT CORPORATION,**<br>    Defendants. | ▲ **COURT USE ONLY** ▲<br><br>Case No. 11CV82<br><br>Div. A        Ctrm: 2 |
| **PRETRIAL ORDER** ||

The provisions of C.R.C.P. 16 and C.R.C.P. 26 and of this pretrial order shall control the subject matters discussed herein. In the event of a conflict between this order and Rule 16 and/or Rule 26, this order shall control.[1]

1. **Pleadings.**

All pleadings will be deemed final as appear in the court's record at the time of trial. Amendments to pleadings will not be permitted during trial. Pleadings include only those identified in C.R.C.P. 7. Claims or defenses will not be recognized as having been plead only by reason of inclusion in a C.R.C.P. 16 Trial Management Order.

2. **Motions.**

Motions for summary judgment must be filed 85 days before trial. All other pretrial motions, including all motions in limine, must be filed 35 days before trial unless a time is otherwise specified by order. The court will not approve a

---

[1] As modified effective July 1, 2002.

Modified Case Management Order or Trial Management Order which extends the time for filing motions beyond the time limit stated herein. THE COURT WILL DECLINE TO RULE ON MOTIONS WHICH ARE NOT FILED WITHIN THESE TIME LIMITS. The court will rule on most motions without a hearing pursuant to C.R.C.P. 121. The court may order a hearing on motions prior to trial. Motions and briefs in excess of ten pages, exclusive of appendices and table, are discouraged. Any motions to compel must be submitted no later than 10 days prior to discovery deadlines.

3. **Discovery**

All discovery shall be completed no later than 50 days prior to trial as provided by C.R.C.P. 16(b)(10) unless specifically agreed to in writing by all involved parties and approved by the court in a Modified Case Management Order. No discovery shall be initiated unless the same can be completed according to the time limit of 50 days prior to trial. Any requests for Independent Medical Examinations submitted in such a manner that does not allow for proper Rule 26 disclosures are disfavored by the court and may not be allowed.

4. **Designation and Disclosure of Witnesses/Experts.**

Designation and disclosure of witnesses and experts shall be completed as required by and within the time limits stated in C.R.C.P. 26.

The requirements of C.R.C.P. 26 regarding the disclosure of witnesses and expert testimony are mandatory. The completion of a Trial Management Order including the identification of lay witnesses and expert witnesses and disclosure with reference to their testimony as required by C.R.C.P. 16(f) shall be mandatory. No person will be allowed to testify as an expert witness and give opinion testimony unless full disclosure has been made as provided by C.R.C.P. 26(a)(2). A statement in a Trial Management Order that a party reserves the right to endorse, exhibits or experts after the Trial Management deadline will not be recognized by the court.

5. **Case Management Conference/Trial Management Conferences.**

Case management shall be pursuant to the provisions of C.R.C.P. 16(b) unless specifically modified by a Modified Case

Management Order entered pursuant to C.R.C.P. 16(c). A Timetable for case management events is attached to this Order.

CASE MANAGEMENT CONFERENCE AND TRIAL MANAGEMENT CONFERENCES BEFORE THE COURT SHALL BE THE EXCEPTION, RATHER THAN THE USUAL COURSE OF EVENTS. The court expects the parties to prepare and submit to the court a Trial Management Order approved as to form by the parties. Any notice to set a Case Management Conference filed pursuant to C.R.C.P. 16(d) shall state with specific detail the disputed issues which require the court's resolution and a certification by counsel filing the Case Management setting notice showing that good faith attempts have been made with opposing counsel to resolve the issues. Any party requesting a Case Management Conference has the obligation to contact the court on the date specified in the setting notice, coordinate the date with opposing counsel and to send notice to all parties and the court confirming the conference date. Case Management Conferences and Trial Management Conferences will not be conducted by telephone except where counsel's office is outside the Denver metropolitan area and, in those cases, only with prior approval by the court. All Trial Management conferences shall be set at least 30 days prior to trial.

6. **Trial Exhibits.**

Pursuant to C.R.C.P. 16(f)(3)(VI)(B), the parties shall mark all exhibits prior to trial and shall submit a list of all proposed exhibits at the commencement of trial. Plaintiff's exhibits should be marked in numerical sequence. Defendant's exhibits should be in alphabetical sequence. Plaintiffs and Defendants shall not mix numbers and letters even for related exhibits; e.g., 1(a), 1(b), 1(c), etc. If there are more than 26 exhibits for defendant, please mark them "AA," "BB," etc., keeping in mind exhibits that may be grouped together for each reference. The civil action number of the case should also be placed on each exhibit label as well as the date of trial. In the event of multiple plaintiffs or multiple defendants, they shall coordinate the marking of their exhibits prior to trial. It will not be necessary that exhibits be offered in sequence at the trial.

7. **Jury Instructions.** (Jury Trial Only)

Pursuant to C.R.C.P. 16(g) the parties shall file with the Court a full set of jury instructions, verdict forms and

duplicates thereof at least 3 business days before the start of trial. The original shall be doubled spaced, ready for use by the jury and shall not include any designation of authority. The duplicate copy shall include notation as to the source of authority for the instruction, i.e. CJI or particular cases. Each party shall serve a copy of their proposed jury instructions upon all other parties. The instructions shall have a heading reading, "Instruction No. \_\_\_\_\_". The title of the instruction found in Colorado Jury Instructions shall not be included. The instruction shall not be numbered. The instruction set shall include all "stock" jury instructions as well as all instructions necessary to state the elements for each theory of recovery or defense and associated definitions. The Court will not commence trial if jury instructions are not submitted as required herein. Sanctions will be imposed if trial delay occurs for failure to produce jury instructions as required. The parties shall submit a computer disc containing the jury instructions in Microsoft Word format.

8. **Voir Dire of Jury.**

The Court will ask the jury basic background questions. Counsel will be limited to 20-30 minutes on voir dire unless, upon request of counsel prior to the commencement of trial, the Court deems that in the interest of justice additional time should be granted.

9. **Witness Scheduling.**

All parties shall be prepared on trial to call their witnesses in order and without interruption or delay. No party shall be permitted to call a witness out of order or excuse a witness from timely appearance without permission from the court. Trial delays will not be permitted for witness unavailability unless the witness is under subpoena and the absence of the witness is not the responsibility of the party calling the same. The parties shall comply with C.R.C.P. 16(f)(3)(VI)(A) by giving notice of witness scheduling. Reliance on this notice by defendant in the scheduling of the witnesses is expected.

10. **Stipulations.**

All stipulations which the parties intend to apply on trial shall be reduced to writing and shall be signed by each

party prior to the commencement of trial. The written stipulation shall be submitted to the Court at the commencement of trial.

11. **Trial Briefs**

Trial briefs may be filed but are not required. Trial briefs are encouraged where unusual issues of law are involved. Trial briefs should be filed no later than 10 days before the commencement of trial as per C.R.C.P. 16(f)(3)(IV).

12. **Audio-Visual Equipment.**

If you intend to use any special equipment, such as video tapes, movies, slides or tape recorders, you must provide your own equipment or prearrange with the Court Administrator for use of the court's equipment. Please bring extension cords as electrical outlets are very limited in the courtroom.

13. **Costs and Attorney Fees.**

Requests for costs and attorney fees associated with this action shall be determined pursuant to C.R.C.P. 121, Section 1-22. If a claim is made for attorney fees as compensatory damages, then the issue will be included during the trial on the basic claims.

14. **Notice to Additional Parties.**

This pretrial order has been mailed by the Court to parties who have appeared by pleading as of the date hereof. In the event that additional parties appear in this case at any later date, it shall be the responsibility of plaintiff to immediately serve a copy of this order on such additional parties and file a certificate of mailing or personal service within 10 days of such service.

15. **Jury Notebooks** (Jury trials only)

Pursuant to Rules 16(f)(3)(VI)(C) and 47 of the Colorado Rules of Civil Procedure, the parties shall submit to the court information which they propose to be included in the Jury Notebooks in all cases . It is the responsibility of the parties to provide appropriate three-ring notebooks. The parties shall share equally in the cost of the notebooks. All materials should be able to fit into one notebook.

**Among the items which shall be included in the notebooks are:**

a. **All stipulated exhibits of each party.** Multiple-paged documents must be sequentially numbered in some form (BATES stamp or similar pagination). Excessively voluminous exhibits may be rejected by the court pursuant to C.R.E. 401 or 403. Non-stipulated exhibits must be submitted to the Division Clerk in a separate folder. The non-stipulated exhibits must be three-hole punched for inclusion in the Jury notebooks if admitted during trial.
b. **Divider tabs** which are to be numbered for Plaintiff's exhibits and lettered for Defendant's exhibits (a-z, aa-zz etc.). Divider tabs should be in the notebook for both stipulated and non-stipulated exhibits.
c. Blank, lined notebook paper.

The court will provide pens and jury question forms.

**Among the items which may be included in the notebooks are:**

a. A brief, agreed-upon, neutral statement of the claims and defenses of the parties.
b. List of witnesses with a one sentence neutral statement of their anticipated testimony. Parties may include a photograph of the witness.
c. A glossary of technical terms with definitions if necessary.

The parties must submit one jury notebook for each juror and each alternate. Likewise, one set of non-stipulated exhibits for each juror and alternate must be provided to the Division Clerk. For trials scheduled to last one week or less, the court will generally have one alternate (7 total jurors). For longer trials, the court will generally have one additional alternate for each additional scheduled week of trial to a maximum of four alternates (10 jurors). In addition, the parties shall also submit one notebook for the Judge and one notebook for the witness which should include **all** proposed exhibits of each party with divider tabs, whether their admission is stipulated to or not.

Jury Notebooks shall be submitted to the Division Clerk in person **at least three working days prior to trial**. Parties may not use electronic means to submit exhibits.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2011.

By the court:

Thomas R. Ensor
District Court Judge

### CERTIFICATE OF MAILING

I hereby certify that the foregoing document was sent via JusticeLink (e-file) to all counsel of record and mailed by the Court to all pro se parties this 21st day of June, 2011.

Division Clerk

## CASE MANAGEMENT/DISCLOSURE/DISCOVERY TIMETABLE

The following are the <u>latest</u> deadlines under the new Colorado Rules, unless otherwise ordered by the Court.

| | Action | Date | C.R.C.P. |
|---|---|---|---|
| 1. | Case is "at issue" | 0 | 16(b)(1) |
| 2. | Conferring of lead counsel to discuss the nature of claims and defenses and what is to be disclosed | 15 | 16(b)(3) |
| 3. | Mandatory automatic disclosures | 30 | 16(b)(5); 26(a)(1) |
| 4. | Conferring of lead counsel to discuss settlement | 35 | 16(b)(6) |
| 5. | Initial discovery begins | 45 | 26(d); 16(b)(10) |
| 6. | Case management conference (if requested) | after #4 | 16(d) |

### DAYS BEFORE TRIAL

| | | | |
|---|---|---|---|
| 7. | Expert disclosure by claimant | 120 | 26(a)(2)(C)(I) |
| 8. | Expert disclosure by defending party | 90 | 26(a)(2)(C)(II) |
| 9. | Summary Judgment Motions | 85 | 16(b)(9) |
| 10. | Rebuttal expert disclosure | 70 | 26(a)(2)(C)(III) |
| 11. | Completion of discovery | 50 | 16(b)(10) |
| 12. | All motions filed | 35 | 16(b)(9) |
| 13. | File proposed Trial Management Order | 30 | 16(f) |
| 14. | Trial briefs (if any) | 10 | 16(f)(3)(IV) |
| 15. | Jury Instructions (if any) | 3 | 16(g) |