**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-03036-WJM-MJW

RUDY MARICH, an individual, and
BETTY MARICH, an individual,

      Plaintiffs,

v.

OMNI INTERLOCKEN COMPANY, LLC., a Delaware Limited Liability Company,
OMNI HOTELS MANAGEMENT CORPORATION, a Delaware Corporation, and
BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation,

      Defendants.

---

## ORDER OF REMAND

---

On November 21, 2011, Defendants Omni Interlocken Company, LLC and Omni

Hotels Management Corporation ("Omni") filed a Notice of Removal removing this

action from the District Court of Broomfield County, Colorado to this Court.  (ECF No.

1.)  Before the Court is Plaintiffs' Objection to Removal and Motion for Remand (ECF

No. 25) (the "Motion").  For the reasons set forth below, the Court finds that remand of

this case to State court is appropriate.

Defendants removed this case under authority of 28 U.S.C. § 1332(a), which

sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that]

exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity

of citizenship between the parties.  28 U.S.C. § 1332(a).  Under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).

The Court has already found that it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is now undisputed that the amount in controversy exceeds $75,000.00.  (ECF Nos. 21; 28, Ex. F.)  Therefore, the only question before the Court is whether Defendants' Notice of Removal was timely filed.

Under § 1446(b), the thirty-day clock to remove a case from state court to federal court starts running once a defendant has "sufficient notice that the amount in controversy exceed[s] the jurisdictional minimum." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Id.* at 1077 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).  Moreover, the thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, "but it is a procedural requirement that is strictly enforced." *McShares Inc. v. Barry*, 979 F. Supp. 1338, 1343 (D. Kan. 1997); *see also Farmland National Beef Packing Co., L.P. v. Stone Container Corp.,* 98 Fed. Appx. 752, 756 (10th Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

108-09 (1941)) ("federal removal jurisdiction is statutory in nature, it is strictly construed

. . . all doubts are to be resolved against removal.")

Defendants argue that their removal is timely in accordance with the "other

paper" requirement of 28 U.S.C. § 1446(b)(3) because Defendants were unaware that

Plaintiffs were seeking at least $75,000.00 in damages until they sent a letter to

Plaintiffs asking them to stipulate to that fact.  (ECF No. 1 at 2.)  The Court disagrees.

Defendant Omni was served with the Summons and Complaint in this matter on

April 28, 2011 and filed an Answer on May 18, 2011.  (ECF Nos. 3; 24, Exs. 1, 3.)  The

Civil Cover Sheet on Plaintiffs' Complaint bears the electronic signature of undersigned

counsel for Plaintiffs and states, *inter alia*, "This party is seeking a monetary judgment

for more than $100,000.00 against another party, including any attorney fees, penalties

or punitive damages, but excluding interest and costs . . . "[1]  (Motion, Ex. 3.)  Moreover,

Plaintiffs' Complaint alleges that as a result of being severely injured on Defendants'

property, "Plaintiff Rudy Marich developed progressive neurologic deficits and

incomplete cauda equina syndrome associated with severe lumbar spinal stenosis.  He

underwent posterior lumbar decompression surgery . . ."  (Compl. ¶¶ 11, 12 (ECF No.

2.))  Plaintiff Rudy Marich also allegedly required "[e]xtensive post-surgery

hospitalization, care, and therapy" and had "[e]xpenses for medical treatment including

surgery, hospitalization, and therapy."  (*Id*. ¶ 13(g)(k).)

---

[1]       While a Civil Cover Sheet, standing alone, is not a sufficient evidentiary basis to support removal, *see Randell v. Wal-Mart Stores, Inc.*, 11-cv-0031, 2011 WL 198407, at *2 (D. Colo. Jan. 20, 2011), such a Cover Sheet did affirmatively put Defendants on notice that Plaintiffs were seeking at least $75,000.00 in damages.

Based on the forgoing, Defendants had from the inception of this action substantial reason to at least suspect that the amount in controversy did in fact exceed $75,000.00 in this case.  Despite this state of affairs, Defendants inexplicably waited nearly six months (until October 14, 2011) to serve their letter seeking a damages stipulation from Plaintiffs, and waited even longer – until November 21, 2011  — to file their Notice of Removal.

Defendants could have served their stipulation letter or taken other affirmative steps to ascertain the exact amount in controversy well prior to October 2011, but they chose not to do so.  While they were obviously free to make this tactical decision, at this juncture of the proceedings they must live with the consequences of that decision.  Therefore, the Court concludes that Defendants' Notice of Removal is untimely and remand of this case to State Court is appropriate.  *See Huffman*, 194 F.3d at 1077; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) ("[U]ntimely removal [is] precisely the type of removal defect contemplated by § 1447(c).").

Accordingly, Plaintiffs' Objection to Removal and Motion for Remand (ECF No. 25) is GRANTED, and it is ORDERED that the Clerk of Court shall remand this case to the District Court of Broomfield County, Colorado.

Dated this 26th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

4